[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Christine English has brought this action against her former employer, the Hebrew Home and Hospital, Inc., in three counts. The first alleges retaliatory action against her for having filed a workers' compensation claim, in violation of § 31-290a of the General Statutes. The second and third counts allege negligent infliction of emotional distress and intentional infliction of emotional distress. The defendant has moved for summary judgment as to all three counts.
In the first count[1], the plaintiff alleges that she was employed by the defendant as a nurse's aide part time in 1985, and in a full time capacity since 1987. She alleged her performance evaluations were good from 1987 through 1996, when she was terminated. She allegedly injured her back in 1991 while at work, was out of work for one year, presumably receiving workers' compensation benefits, and returned with a permanent CT Page 6280 lifting limitation of forty pounds. On her return to work she was discharged, presumably because of the weight limitation. The plaintiff goes on to allege that her union advised her to ask her physician to remove the limitation, and she persuaded her treating physicians to do so. She then returned to work.
She further alleged that she missed various days because of illness, doctors' appointments and doctors' orders, and in August, 1993, and January, 1994, received formal warnings from work for taking too much time off from work, and on December 17, 1993, her treating physician asked the employer to place her on the 11:00 p.m. to 7:00 a.m. shift because there was less lifting of patients required on that shift. She alleged that because of lifting a patient on August 20, 1994, she suffered an injury that caused her to be out of work from August 28 through October 6, 1994, and that she missed a number of other days subsequently because of her work-related disability. She alleged that she continued to receive formal warnings regarding her attendance. On October 18, 1996, she attempted to help a patient up and accidentally caught a ring on the patient's skin, and was subsequently terminated as a result of this incident and a second incident in which she was accused of misconduct but was not actually at work that day. The plaintiff had allegedly been warned that the administrators were out to get her. Her termination occurred on October 23, 1996. She claimed that the employer pursued a course of conduct resulting in her termination which was in retaliation for her having exercised rights under the Workers' Compensation Act and that she suffered various ailments as a result of the discriminatory actions.
The second count incorporates by reference most of the allegations of the first count and alleges in addition that the conduct was extreme and outrageous, and that the employer knew or should have known that such emotional distress would result from its conduct. It claims intentional infliction of emotional distress. The third count alleges negligent infliction of emotional distress.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It CT Page 6281 is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
The necessary elements and shifting burdens in employer retaliation cases are well known and often stated. See, e.g., Ford v. Blue Cross andBlue Shield of Connecticut, Inc., 216 Conn. 40, 53-54 (1990). The plaintiff has the initial burden of making out a prima facie case of unlawful discrimination. The initial burden is minimal. If the initial burden is satisfied, the burden shifts to the defendant to produce evidence to show a nondiscriminatory reason for the action. It this burden of production is met, the plaintiff than has the burden to show, by the preponderance of the evidence, either that the employer was more likely motivated by the discriminatory reason or that the employer's suggested reason is not worthy of belief. Ford, supra. In sum, the plaintiff must show a causal connection between the protected activity engaged in by the plaintiff and the retaliatory or discriminatory conduct by the defendant.
"In order to make out a prima facie case in a Worker's Compensation discrimination case, the plaintiff must present evidence of" (a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff (c) the causal connection between the protected activity and the adverse employment action."D'Agata v. Sears Roebuck Co., 1999 WL 643189 (Conn.Super.Ct.)"Musshorn v. East Hamption Board of Education, 2000 Ct. Super. 728 (Jan. 14, 2000) (Rogers, J.). "A causal connection may be established either indirectly by showing that the protected activity was followed closely by discriminatory treatment or through other evidence such as disparate treatment of fellow employees who engaged in similar conduct, or directly through evidence of retaliatory animus directed against a plaintiff by the defendant." Musshorn, supra
 The burden that an employment discrimination plaintiff must meet in order to defeat summary judgment at the prima facie stage is de minimis." McClee v. Chrysler Corporation, 109 F.3d 130, 134 (2nd. Cir. 1997). "We have previously held that the level of proof a plaintiff is required to present in order to establish a prima facie case of discrimination is low." De La Cruz v. New York Human Resources Administration Dept. of Social Services, 82 F.3d 16, 20 (2nd. Cir. 1996). The de minimis standard, as the plaintiffs burden of proof for prima facie discrimination, has been universally accepted in federal case law. See Essex v. United ParcelCT Page 6282 Service, Inc., 111 F.3d 1304 (7th Cir. 1997); Henson v. Liggett Group, Incorporated, 61 F.3d 270 (4th Cir. 1995); Morgan v. Hilti, Inc., 108 F.3d 1319 (10th Cir. 1997). The plaintift to make out a prima facie case of retaliatory discharge, must establish through de minimis evidence, "(a) participation in a protected activity known to the defendant; (b) an employment action disadvantaging the plaintiff and (c) a causal connection between the protected activity and the adverse employment action." DuBois v. State of New York, 966 F. Sup. 144, 147 (N.D.N.Y. 1997); Johnson v. Palma, 931 F.2d 203, 207 (2nd Cir. 1991).
 D'Agata v. Sears, 1999 Ct. Sup. 10927 (Robinson, J.) (1999).
There is no significant dispute between the parties regarding the standards to be applied; rather, the parties are at odds as to whether the various facts presented compel the entry of summary judgment. The defendant argues that the plaintiff has not submitted facts sufficient to make out a prima facie case. It is clear that the plaintiff filed a workers' compensation claim and has availed herself of several of the rights secured by the scheme of workers' compensation. It is also fairly clear that the employer has acted adversely to the plaintiff. The third element, the causal connection, is indeed quite tenuous on the evidence submitted. The plaintiff submits that evidence of the immediacy of the first termination, the alleged assignment of heavier workloads than those given to others, various instances of rude, insulting and discriminatory conduct directed toward her, second hand evidence of a superiors animus toward her and the two final claimed transgressions, one of which could not have been true, according to the plaintiff, resulting in her final termination, all constitute evidence of a causal connection sufficient to create a genuine issue of fact. The defendant argues that many of the allegations of disparate treatment and animus are somewhat vague and conclusory; see Gordon v. Yale New Haven Hospital, supra; that she was in fact extended what was due to her pursuant to the Workers' Compensation Act, that she admitted in her deposition that she had made some mistakes, that other employees were sometimes disciplined similarly to the way in which she was disciplined, that she had sometimes handled patients roughly and had received warnings. On balance, and in light of the consistent case law which stresses that the initial burden is minimal, I find that the plaintiff has submitted enough evidence to create a genuine issue as to whether the prima facie burden is met.
The defendant also argues that even if a prima facie case can be established, there is no genuine issue as to the ultimate issue of whether the proffered reason for termination was pretextual. It does not CT Page 6283 seem to be seriously disputed that the defendant sustained its burden of offering evidence of a legitimate reason, i.e., the alleged mishandling of patients. The defendant points to portions of the plaintiff's deposition in which she admits that complaints were filed against her for such handling and that she had made such mistakes. The defendant also notes that it accommodated the plaintiff's disabilities for several years. The plaintiff, on the other hand, has submitted evidence suggesting that of the two incidents cited in her termination, one was entirely false because she was not on duty at the time and the other was relatively minor and, in any event, accidental. She suggests, then, that there is evidence that the firing was pretextual. I agree that the plaintiff has submitted sufficient evidence to avoid summary judgment.
The defendant has also moved for summary judgment as to the second count, which alleges intentional infliction of emotional distress. In order to recover on this cause of action, a plaintiff must prove that the alleged conduct was extreme, outrageous and outside the bounds of civilized behavior. Appleton v. Board of Education, 254 Conn. 205, 212
(2000). Examples of what does and does not, but mostly of what does not, constitute such behavior abound in the case law and need not be repeated here. Suffice it to say that in this case there is no suggestion of the sort of extreme behavior which is contemplated by this cause of action. Summary judgment is granted as to the second count.
The third count alleges negligent infliction of emotional distress. The defendant relies on Parsons v. United Technologies Corp., 243 Conn. 66,88-89 (1997), for the proposition that in the employment context, the cause of action is limited to the redress of unreasonable conduct in the termination process. Although she recognizes the language in Parsons, the plaintiff suggests that because it generally is the workers' compensation exclusive remedy provision that bars negligence actions against one's employer, and because "pure" emotional distress claims are no longer cognizable in the workers' compensation system, then it no longer makes sense to confine the cause of action to unreasonable conduct in the termination process. There is a split of authority in the various Superior Court decisions which have addressed the issue. I believe that because Parsons was announced some four years after the change of the workers' compensation law (although the change may not have been strictly germane to the holding of the case), and because there may have been other policy reasons supporting the Parsons restriction, such as a desire to promote peaceful workplaces, Parsons should be construed to mean what it says, and it ought not be lightly contravened by a trial court. SeeDrolette v. Harborside Healthcare Corp., 1999 Ct. Sup. 11057 (1999). Because there is no evidence of unreasonable conduct in the termination process, the motion to strike the third count is granted. See alsoPavliscak v. Bridgeport Hospital, 48 Conn. App. 580, 598 (1998).[2]
CT Page 6284
The motion for summary judgment is denied as to count one and granted as to counts two and three.
 _____________________ BEACH, JUDGE